702 P.2d 1346

**STATE of Arizona, Appellant,**

v.

**Ronald Gregory BOJORQUEZ, Appellee.**

**No. 1 CA–CR 7910.**

Court of Appeals of Arizona, Division 1, Department B.

June 25, 1985.

---

**1.** The Alaska Criminal Code contains a definition of the word "recklessly" that is almost identical to ours.

Thomas E. Collins, County Atty. by Joel M. Glynn, Deputy County Atty., Phoenix, for appellant.

Ross P. Lee, Maricopa County Public Defender by Richard I. Mesh, Deputy Public Defender, Phoenix, for appellee.

## OPINION

KLEINSCHMIDT, Judge.

Following a jury trial the defendant was convicted of driving while under the influence of intoxicating liquor while his license was suspended, cancelled, refused or revoked in violation of A.R.S. § 28–692.02. He filed a motion for new trial, based on *Fuenning v. Superior Court,* 139 Ariz. 590, 680 P.2d 121 (1983), and Rule 24.-1(c)(4), Arizona Rules of Criminal Procedure, alleging that it was error for two police officers to testify that in their opinions the defendant was "under the influence of intoxicating liquor." At the hearing on the motion, the trial judge ruled:

> Gentlemen, I have carefully read the case of *Fuenning v. Superior Court,* and it does appear, based upon that opinion, that a new trial should be granted.
>
> It is, therefore, ordered granting the motion for a new trial.
>
> Can you be ready for trial in 30 days?
>
> MR. MARTINEZ: Yes, Your Honor.
>
> MR. ANDERSON: Your Honor, so that I can prepare for the trial, what would be the basis?
>
> THE COURT: The fact that the officers were asked, "In your opinion was the defendant intoxicated," and, their answer was "yes."
>
> According to *Fuenning,* the appropriate question is, "Did the defendant exhibit symptoms of intoxication and what did you observe, what were those symptoms?"

The state has appealed from the grant of the motion for new trial, arguing that the trial judge erred in her interpretation of *Fuenning.*

Although *Fuenning* discussed the issue of the admissibility of a police officer's opinion that a defendant was intoxicated, the court did not state a *per se* rule that an officer's opinion regarding intoxication is never admissible and, if admitted, will always constitute reversible error. The court concluded that "more prejudice than benefit is to be expected from this type of questioning." 139 Ariz. at 605, 680 P.2d at 136. The court also said that "testimony which parrots the words of the stat-

ute moves from the realm of permissible opinion which 'embraces *an*' issue of ultimate fact (Rule 704) to an opinion of guilt or innocence, which embraces all issues." 139 Ariz. at 605, 680 P.2d at 136. (Emphasis in original).

While we do not disagree with the discussion of the point in *Fuenning*, the fact that it was dicta, the fact that it did not expressly overrule existing case law which rendered such evidence admissible, *see Esquivel v. Nancarrow*, 104 Ariz. 209, 450 P.2d 399 (1969), and the fact that our supreme court urged caution in the admission of such evidence, lead to the conclusion that no *per se* rule was intended.

It is impossible to tell from the record whether the trial judge believed that *Fuenning* commanded a new trial or whether she considered *Fuenning* merely as a guide and, indeed, exercised her discretion in favor of a new trial.

█ *Fuenning* requires the trial court to consider whether the probative value of such questioning outweighs its prejudicial impact. If the trial court believed that *Fuenning* automatically precluded the testimony, there was no exercise of discretion. Such an exercise of discretion may turn upon a number of factors, including the strength of the other evidence against the defendant. The trial judge is in the best position to assess such factors. The point we seek to make was well stated in *State v. Chapple*, 135 Ariz. 281, 297 n. 18, 660 P.2d 1208, 1224 n. 18 (1983):

> Something is discretionary because it is based on an *assessment* of conflicting procedural, factual or equitable considerations which vary from case to case and which can be better determined or resolved by the trial judge, who has a more immediate grasp of all the facts of the case, an opportunity to see the parties, lawyers and witnesses, and who can better assess the impact of what occurs

before him.... Where a decision is made on that basis, it is truly discretionary and we will not substitute our judgment for that of the trial judge.

(emphasis added).

Based upon the foregoing, we remand this case to the trial court to exercise its discretion in granting or denying the motion for a new trial. The trial court should consider whether, in view of the evidence introduced at trial, the prejudicial effect of the form of the officers' testimony that the defendant was intoxicated was such that it did, or did not warrant a new trial. As the record now stands, the judge will be within her discretion, whichever way she decides.

The trial court's order granting a new trial is set aside and this matter is remanded for a discretionary ruling on the motion for a new trial.

HAIRE, J., concurs.

OGG, Judge, dissenting:

I must respectfully dissent. I agree with the majority opinion when it reasons that the trial judge is in the best position to determine when a new trial should be granted.

In my opinion, the trial judge here exercised her discretion and used the *Fuenning* case as a guide in granting the defendant a new trial. I would affirm the order of the trial judge as originally entered.