789 P.2d 394

**Melody NEWELL, Plaintiff/Appellee,**

v.

**TOWN OF ORO VALLEY, a municipal corporation, and Charles Lentner and Laura Lentner, husband and wife, Defendants/Appellants.**

**2 CA–CV 89–0172.**

Court of Appeals of Arizona,
Division 2, Department A.

Feb. 22, 1990.

Reconsideration Denied April 4, 1990.

Bernini and Sattler by Deborah Bernini, Tucson, for plaintiff/appellee.

Gary D. Kidd, Oro Valley, Sorenson & Moore by George R. Sorenson and John S. Schaper, Phoenix, for defendants/appellants.

## OPINION

HATHAWAY, Judge.

This appeal arises from a $75,000 judgment in favor of Melody Newell (appellee)

in her civil suit against the Town of Oro Valley, Oro Valley Police Department and Charles and Laura Lentner (appellants) for assault, battery, excessive use of force, negligent supervision and civil rights violations. Appellants argue that the trial court erred: (1) in refusing to instruct the jury under A.R.S. § 13–2509 and further, that a police officer may require a person to get out of a lawfully stopped vehicle; (2) in allowing the jury to consider evidence of the final disposition of the traffic citations issued; and, (3) in refusing to allow police officers at the scene of the incident to testify whether appellee was intoxicated at the time she was stopped for a suspected DUI violation.

## FACTS

On the evening of March 16, 1986, Oro Valley Police Officer Buvik observed appellee's vehicle westbound on Ina Road near its intersection with Oracle Road. The car pulled into a left turn bay, crossed over a portion of the median into the eastbound lane of traffic and then returned to its original position by again crossing over the median. Officer Buvik followed the car as it made a wide left turn onto Oracle Road and began to follow with his emergency lights on. In response, appellee turned right at Chula Vista and stopped her vehicle. Officer Buvik approached appellee's car and asked for her license, registration and proof of insurance. He testified that appellee's speech was slurred, her eyes were watery and bloodshot, there was a smell of alcohol on her breath and she was flushed. The officer asked appellee to get out of her car several times and she refused. Because of her refusal, according to departmental policy, Buvik radioed for assistance. His supervisor, Charles Lentner, responded as did another Oro Valley officer, and because the stop was in Pima County, an officer from the Pima County Sheriff's Department also responded. Each requested appellee to exit her vehicle and she refused. When asked if she would do a field sobriety test, appellee responded that she would not get out of the car. Apparently a discussion among the police officers resulted in the decision that appel-

lee would be removed from the car if she would not voluntarily get out. There is conflicting testimony regarding the manner in which appellee was told she must get out of the vehicle and then removed, but there is no question that Lentner did reach into the car and physically remove her. It is disputed whether she was under arrest at the time she was taken from the car.

Once out of the vehicle, appellee was handcuffed, placed in the patrol car and taken to the Oro Valley Police Station. She refused to take an intoxilyzer test. Appellee was cited for five traffic violations, including driving while under the influence. She refused to sign that citation.

## JURY INSTRUCTIONS

On appeal, we will view the evidence to support the theory of the party requesting the jury instruction. Where such supporting evidence is found, the instruction should be given, even though contradictory facts are presented. *Pioneer Roofing Co. v. Mardian Const. Co.*, 152 Ariz. 455, 733 P.2d 652 (App.1986). The trial court has a duty to instruct on all the legal theories supported by the evidence. *Trus Joist Corp. v. Safeco Ins. Co. of America*, 153 Ariz. 95, 735 P.2d 125 (App. 1986).

Citing *Pennsylvania v. Mimms*, 434 U.S. 106, 98 S.Ct. 330, 54 L.Ed.2d 331 (1977), and *Sprague v. City of Burley*, 109 Idaho 656, 710 P.2d 566 (1985), appellants requested the following instruction which was refused:

A law enforcement officer may require a person lawfully stopped to alight from his or her car in order to diminish the possibility that the driver can make unobserved movements. The officer need not show that the suspect is armed.

Further, a law enforcement officer may lawfully order an arrested person to exit his or her car.

Appellee asserts the *Mimms* instruction was properly refused because the issue in that case was whether there was a Fourth Amendment search and seizure violation, and no such question was raised in the

present case. She argues the requested instruction would have erroneously instructed the jury that it was binding, national law that a law enforcement officer has an absolute right to order a driver out of his car when stopped for a traffic infraction.

It is apparently undisputed that the initial investigatory stop was lawful. The question is whether the officers then had the further authority to order her out of the car. Appellee's argument that no Fourth Amendment violation is in issue begs the question: Was ordering appellee out of her car in effect a seizure? Appellants' position is that under *Mimms* it was valid, and appellee believes it was not.

*Mimms* holds that "once a motor vehicle has been lawfully detained for a traffic violation, the police officers may order the driver to get out of the vehicle without violating the Fourth Amendment's proscription of unreasonable searches and seizures." *Pennsylvania v. Mimms*, 434 U.S. at 111, n. 6, 98 S.Ct. at 333, n. 6, 54 L.Ed.2d at 337, n. 6. The propriety of such an order may be inferred from *State v. Superior Court*, 149 Ariz. 269, 718 P.2d 171 (1986), holding that an officer who has made a valid investigatory stop of a suspected drunk driver is entitled to conduct field sobriety tests and that such tests do not constitute an unreasonable search under the Fourth Amendment. If an officer may order a suspect to perform field sobriety tests, implicitly he or she may order a suspect to exit the vehicle for that purpose.

■ We believe that any time an officer has lawfully detained a motorist, he may order the driver to get out of the car. The officer may remove the motorist if he refuses to comply with that order. The intrusion occasioned by requesting a driver to get out of a lawfully detained car requires a balance of the officer's safety, even where there is no reason to suspect foul play, and the driver's personal liberty interests. *Pennsylvania v. Mimms, supra.* Accord *New York v. Class*, 475 U.S. 106, 106 S.Ct. 960, 89 L.Ed.2d 81 (1986). The Court in *Mimms* found that:

... this additional intrusion can only be described as *de minimis*. The driver is being asked to expose to view little more of his person than is already exposed. The police have already lawfully decided that the driver shall be briefly detained; the only question is whether he shall spend that period sitting in the driver's seat of his car or standing alongside it.... What is at most a mere inconvenience cannot prevail when balanced against legitimate concerns for the officer's safety.

*Pennsylvania v. Mimms*, 434 U.S. at 111, 98 S.Ct. at 333, 54 L.Ed.2d at 337.

■ In the present case, the jury could properly infer that having a right to order appellee from her car included a concurrent right to remove her if she refused to get out voluntarily. The court's denial of the requested instruction precluded the jury's consideration of a legal theory, supported by the evidence, within the issues of the case. Accordingly, we find it was reversible error to have refused the *Mimms* instruction.

### EVIDENTIARY MATTERS

■ The admissibility of evidence is within the discretion of the trial court and will not be reversed unless prejudice results. *Selby v. Savard*, 134 Ariz. 222, 655 P.2d 342 (1982).

A. Admissibility of the disposition of DUI

■ Appellants moved in limine to exclude evidence of the disposition of the criminal charges that arose out of the stop and arrest. That motion was denied by the trial court, and appellee testified that the DUI citation was eventually dismissed and a certified copy of the dismissal sheet was entered in evidence. The dismissal sheet indicates the DUI was dismissed because appellee was never informed of her right to an independent chemical test for blood alcohol level at her own expense. *Montano v. Superior Court*, 149 Ariz. 385, 719 P.2d 271 (1986).

On appeal, appellants argue that this evidence should have been excluded because it is irrelevant to any of the issues in the

case. Appellee asserts that it is relevant to show the state of mind of the arresting officers, that is, that her refusal to leave the car made them so angry that they filed trumped up charges against her and, inferentially, used excessive force to remove her. It is apparently on that basis which the trial court permitted the introduction of the DUI dismissal.

Relevant evidence is that which tends "to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Ariz.R. Evid. 401, 17A A.R.S. Applying the rule, we fail to see how the dismissal of the DUI made it more or less probable that the jury could determine whether the officers' use of force was excessive or unreasonable. Had the circumstances surrounding the DUI dismissal shown that the citation was without basis in fact, evidence of the dismissal might be relevant to the officers' state of mind. The only evidence here is that the DUI was dismissed because appellee was not informed of her rights under *Montano*, supra, and that does not permit an inference that the charges were without a factual basis. Thus its inclusion permitted the jury an improper and misleading inference. Accordingly, we find it was error to admit evidence of the DUI dismissal.

**B. Admissibility of ultimate opinion of intoxication**

Appellants contend that exclusion of the Oro Valley officers' opinions concerning appellee's intoxication deprived the appellants of significant evidence tending to show that they acted reasonably in performing their duties.

Appellee responds that the trial court properly applied *Fuenning v. Superior Court*, 139 Ariz. 590, 680 P.2d 121 (1983). Each officer was permitted to give an opinion as to whether appellee exhibited signs of intoxication at the time she was arrested. She agrees that *Fuenning* did not create a per se rule that an officer's opinion on intoxication is never admissible, *State v. Bojorquez*, 145 Ariz. 501, 702 P.2d 1346 (App.1985), and that it permits the

trial court to consider whether the probative value of such testimony outweighs its prejudicial impact. She argues that the court balanced these factors and properly excluded the testimony with no resulting prejudice.

Appellants argue *Fuenning* has no application in the present case because the ultimate issue for the jury was not whether appellee was guilty or innocent of being intoxicated. They contend the ultimate question was whether the officers, based upon their knowledge and experience, reasonably believed appellee was intoxicated and whether they acted properly upon the basis of that belief.

During the discussion with the trial court on this matter, the record reveals the trial court's concern with this distinction. We agree with appellants that notwithstanding *Fuenning*, where a police officer's opinion on a party's intoxication is not the ultimate issue for the jury, it is error to preclude it. *Esquivel v. Nancarrow*, 104 Ariz. 209, 450 P.2d 399 (1969), and see *State v. Bojorquez*, supra.

## ATTORNEY'S FEES

Appellee has requested an award of attorney's fees on this appeal pursuant to Ariz.R.Civ.App.P. 21(c), 17B A.R.S., and 42 U.S.C. § 1988. Because we have reversed, attorney's fees are denied.

Reversed.

ROLL, P.J., and HOWARD, J., concur.