950 P.2d 1190

STATE of Arizona, Appellee,

v.

Robert Gordon LUMMUS, Appellant.

No. 1 CA–CR 96–0748.

Court of Appeals of Arizona,
Division 1, Department C.

Oct. 28, 1997.

Review Denied Feb. 18, 1998.*

* Martone, J., voted to grant the petition for review. McGregor, J., did not participate in the determination of this matter.

Grant Woods, Attorney General by Paul J. McMurdie, Chief Counsel, Criminal Appeals Section and Robert S. Golden, Assistant Attorney General, Phoenix, for Appellee.

Dean W. Trebesch, Maricopa County Public Defender by Stephen R. Collins, Deputy Public Defender, Phoenix, for Appellant.

## OPINION

KLEINSCHMIDT, Judge.

This case involves a conviction for driving under the influence of intoxicating liquor.

We hold that allowing a witness to testify that on a scale of one to ten the Defendant rated a "ten plus" for intoxication is the same thing as testifying that the Defendant was very intoxicated. This was an expression of opinion on the ultimate issue in the case of the type discouraged by our supreme court in *Fuenning v. Superior Court,* 139 Ariz. 590, 680 P.2d 121 (1983). Both the prosecutor and the trial court apparently believed that *Fuenning*'s discouragement of the use of such evidence does not apply if the witness rates the degree of intoxication instead of just saying the driver was drunk. That is not correct. Presumably then, the trial judge felt no need to exercise caution in admitting the evidence. To the degree that this was error, it was harmless beyond a reasonable doubt.

The Defendant, Robert Lummus, was charged with one count of aggravated driving under the influence of intoxicating liquor within sixty months of two prior convictions for driving under the influence, one count of aggravated driving under the influence of intoxicating liquor while his license was canceled and one count of unlawful flight from a pursuing law enforcement vehicle.

The Defendant, citing *Fuenning,* moved to preclude the arresting officer from testifying as to the ultimate issue of the Defendant's intoxication. At a hearing on the motion, the prosecutor said that the State would not violate the rules laid down in either *Fuenning* (discouraging testimony on the ultimate issue) or *State v. White,* 155 Ariz. 452, 457, 747 P.2d 613, 618 (App.1987) (impermissible for officer to testify that defendant was "under the influence").

At trial, the following exchange occurred between the prosecutor and the arresting officer:

[PROSECUTOR] Q. Officer, based on your observations that night—the driving, the defendant's response to your lights and siren, his conduct once he was stopped, the HGN test, his conduct in the van, your observations of his signs and symptoms—on a scale of one to ten, with one being sober and ten being intoxicated, where would you rate the defendant?

[DEFENSE COUNSEL]: I object. Calls for an improper opinion.

THE COURT: Overruled

[OFFICER] I would place him on a ten plus.

The jury found the Defendant guilty of all counts, and the court sentenced him to prison.

In *Fuenning*, the supreme court indicated that it was permissible for a witness to testify about whether an accused displayed symptoms of intoxication and about whether his behavior appeared to be influenced by alcohol. 139 Ariz. at 605, 680 P.2d at 136. The court stated, however, that there was little to gain by asking questions that are essentially an opinion of guilt or innocence. *Id.* It urged trial courts to use "great caution" in allowing testimony on the ultimate issue of whether a defendant was intoxicated. *Id.* at 600, 680 P.2d at 131.

In *White*, the prosecutor had asked a witness if the defendant exhibited symptoms of intoxication during a field sobriety test. 155 Ariz. at 456–57, 747 P.2d at 617–18. After the witness responded that the defendant had, the prosecutor asked the officer to rate, on a scale of one to ten, the defendant's overall symptoms of intoxication. *Id.* at 457, 747 P.2d at 618. The officer rated the symptoms of intoxication as a six or seven. *Id.* The trial judge denied a motion for mistrial, but later, when the prosecutor asked the officer to further explain the rating, the judge sustained an objection to the question. *Id.* In response to a question whether the defendant exhibited symptoms of intoxication, another officer stated he was "under the influence." *Id.* We concluded that the statement that the defendant was under the influence was impermissible. *Id.* We did not offer an opinion as to whether it was permissible for an officer to rate an accused's symptoms of intoxication. Instead, we noted that the trial court is in the best position to assess the factors relating to whether particular questions regarding intoxication are permissible, and we found no reversible error. *Id.*

■ Since the prosecutor in the case before us specifically mentioned that he would not violate *Fuenning* and *White*, he appar-

ently believed that he could honor that promise by avoiding asking the officer if the Defendant was intoxicated. In other words, he seemed to believe that it was permissible to ask the officer where the Defendant rated on a scale of one to ten. The officer's rating of "ten plus" was essentially the same as if the officer had testified that the Defendant was extremely intoxicated. The admonition of *Fuenning* cannot be avoided in that manner.

The trial court apparently shared the prosecutor's belief that rating degree of intoxication was not tantamount to testifying that the Defendant was intoxicated. That being so, the trial court presumably believed there was no need to exercise the caution *Fuenning* advises.

■ We must analyze the testimony in the context of all the evidence to determine if prejudice from the arguably improper opinion testimony requires reversal. *See State v. Bojorquez*, 145 Ariz. 501, 702 P.2d 1346 (App. 1985). The State presented the testimony of two officers who observed the Defendant's behavior and symptoms of impairment on the night he was arrested. One officer testified that the Defendant struck a median with the side of his truck when he was making a turn. The officer observed the Defendant's truck weave and jerk and drift out of its lane repeatedly. The officer turned on his lights but the Defendant did not respond, and when the officer turned on his siren the Defendant sped away. The officer stopped the Defendant by pulling his motorcycle in front of the Defendant's truck when the Defendant stopped at a traffic light. The officer pointed a gun at the Defendant and told him to keep his hands raised; the Defendant, however, continued lowering and raising his hands. Once the Defendant was out of his truck, the officer observed that he had bloodshot, watery eyes and that he had a strong odor of alcohol on his breath. The officer observed the Defendant swaying and rocking back and forth. The officer performed a horizontal gaze nystagmus test on the Defendant, which is a test that measures the jerking of the eyeball—one cause of which is the consumption of sufficient quantities of alcohol. The Defendant exhibited all six cues which indicate an abnormality. The officer also stated

that the Defendant was hostile and uncooperative and had threatened to hurt him.

The other officer, who was operating the police DUI van, testified that the Defendant had watery, bloodshot eyes, slurred speech and a strong odor of alcohol on his breath. The officer attempted to give the Defendant a breath test, but the Defendant refused. The officer stated that he had informed the Defendant that refusal would result in automatic license suspension for one year.

The Defendant testified that he had watery eyes because he worked in attics and because he had allergies. He explained that he was weaving and jerking because the truck he was driving had steering problems. The Defendant implied that he did not hear the police siren because he had hearing problems. He explained that he had speech problems, apparently as an explanation for his slurred speech. He stated that he had taken Nyquil for his allergies earlier in the evening. The Defendant denied speeding away from the police officer, and he stated that he could control the steering of his truck better at higher speeds. The Defendant denied drinking any alcohol.

The State impeached the Defendant's testimony with two prior guilty pleas to driving under the influence of alcohol. The State also attacked the Defendant's credibility by impeaching him with a prior burglary conviction and a conviction for obtaining property by false pretenses.

The Defendant's aunt testified that she attempted to drive the truck home after the Defendant was arrested and that the truck lurched left and right. She also testified that the Defendant had hearing and speech problems.

The State presented considerable evidence supporting a conclusion that the Defendant was impaired. Despite the Defendant's efforts to explain most of his behavior, some evidence was uncontradicted. For example, the Defendant did not offer any explanation for why he was swaying when he was standing. Nor did he explain his failure of the horizontal gaze nystagmus test. While testifying that on a scale of one to ten for intoxication the Defendant was a "ten plus," was the same thing as testifying that the Defendant was intoxicated, such does not, in this case, require reversal.

A word about the dissent is in order. To suggest that we believe that *Fuenning* mandates that a witness can never, in whatever form, testify about the ultimate issue of intoxication is to overread what we have written. All we have said is that *Fuenning* remains extant, and its admonition cannot be circumvented by semantics. *Fuenning* appears to be a source of confusion. It seems to create a presumption against the admission of evidence on the ultimate issue without discussing what is necessary to overcome the presumption. Nor does *Fuenning* prescribe a consequence for admitting the evidence in the teeth of the presumption. Nonetheless, we do not believe that the admonition in *Fuenning* is mere dicta to be ignored at will.

The convictions and sentences are affirmed.

SULT, J., concurs.

GERBER, Judge, concurring and dissenting:

Although I agree that the conviction should be affirmed, I disagree with the conclusion that the officer's testimony about intoxication was impermissible. As noted by this court in *Bojorquez*, 145 Ariz. at 503, 702 P.2d at 1348, *Fuenning* did not preclude such testimony but merely urged caution in its blanket admission. No *per se* prohibition was intended. Rather, admission of police officer testimony regarding a DUI defendant's intoxication is discretionary with the trial court. *Bojorquez*, 145 Ariz. at 503, 702 P.2d at 1348; *State v. Carreon*, 151 Ariz. 615, 617, 729 P.2d 969, 971 (App.1986).

The officer's testimony here contained no ultimate opinion on guilt. Although his testimony rating Lummus' level of intoxication touched on an important factual issue, that it supports guilt does not make it improper. The opinion was not framed in conclusory terms that merely parroted the DUI statute, as was disapproved in *Fuenning*; it followed the officer's description of observed symptoms of intoxication and rested solely on the officer's experience and observations. Under

these circumstances, the testimony about degree of intoxication fell well short of an impermissible ultimate opinion on guilt. *See City of Seattle v. Heatley,* 70 Wash.App. 573, 854 P.2d 658, 661–63 (1993) (note 3, citing Arizona law). As recently as 1990, after *Fuenning,* Division 2 of our court acknowledged that police testimony about intoxication is not an ultimate issue and should be admitted. *Newell v. Town of Oro Valley,* 163 Ariz. 527, 789 P.2d 394 (1990).

The officer's testimony was also "otherwise admissible" within Rule 704. In Arizona lay witnesses with the opportunity to observe a person may opine as to degree of intoxication as well as about other perceptible aspects of physical appearance. *See Esquivel v. Nancarrow,* 104 Ariz. 209, 213, 450 P.2d 399, 403 (1969) ("well-settled" that lay opinion of intoxication is admissible); *Starkins v. Bateman,* 150 Ariz. 537, 546, 724 P.2d 1206, 1215 (App.1986) (approving lay opinion of emotional and mental state); *State v. Griffin,* 99 Ariz. 43, 50, 406 P.2d 397, 401–02 (1965) (approving lay opinion re sanity); *see generally* Morris K. Udall, *et al., Law of Evidence* (3rd Ed.) § 21 (1991). The majority's conundrum is justifying the exclusion of trained police officer testimony·in the face of admission of untrained lay testimony on the same subject. The Washington court of appeals has the answer exactly right:

> "[I]f a lay witness may express an opinion regarding the sobriety of another, there is no logic to limiting the admissibility of an opinion on intoxication when the [police] witness is specially trained to recognize characteristics of intoxicated persons." *City of Seattle v. Heatley,* 854 P.2d at 662.